# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

GOLDEN PALM INVESTMENTS LIMITED PARTNERSHIP, *et al.*,

    Plaintiffs,

vs.

DANIEL AZOURI, *et al.*,

    Defendants.

Case No. 2:15–cv–336–KJD–VCF

**ORDER**

MOTION TO STAY (#15)

    This matter involves Marvin Lipschultz's securities fraud action under state and federal law. Before the court is Defendants' Motion to Stay Discovery (#15[1]). Plaintiff filed a limited opposition (#20). For the reasons stated below, Defendants' motion is granted.

## LEGAL STANDARD

    Private securities fraud actions are governed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77a, *et seq.* ("the PSLRA" or "the Act"). The Act was passed to restrict perceived abuses in securities class-action litigation by testing the sufficiency of a plaintiff's complaint before discovery begins. *Medhekar v. U.S. Dist. Court for the N. Dist. of Cal.*, 99 F.3d 325, 328 (9th Cir. 1996) (discussing Congress' intent); *SG Gowen Sec. v. U.S. Dist. Court for the N. Dist. Of Cal.*, 189 F.3d 909, 911–13 (9th Cir. 1999) (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 530–31 (3d Cir. 1999)).

    The primary abuse the Act sought to curb is the filing of "strike suits." *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 191 (1st Cir. 1999); *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1095 (10th Cir. 2003). A "strike suit" is a shareholder derivative action "based on no valid claim, brought either for

---

[1] Parenthetical citations refer to the court's docket.

1

nuisance value or as leverage to obtain a favorable or inflated settlement." BLACK'S LAW DICTIONARY (9th ed. 2009). As reported by the U.S. Senate:

> The Committee heard substantial testimony that today certain lawyers file frivolous "strike" suits alleging violations of the federal securities laws in the hope that defendants will quickly settle to avoid the expense of litigation. These suits, which unnecessarily increase the cost of raising capital and chill corporate disclosure, are often based on nothing more than a company's announcement of bad news, not evidence of fraud. All too often, the same "professional" plaintiffs appear as name plaintiffs in suit after suit.

S. Rep. No. 104–98 at 2 (1995).

The PSLRA achieves its goal by departing from the Federal Rules of Civil Procedure in two significant ways that are relevant here. First, the Act requires plaintiffs to satisfy a heightened pleading standard that is more stringent than Rule 8 and Rule 9(b)'s pleading requirements. *See* 15 U.S.C. § 78u–4(b); *see also* WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 3d § 2046.2. The heightened pleading standard's purpose is to curb strike suits by "ward[ing] off allegations of 'fraud by hindsight.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320 (2007) (citations omitted).

Second, the Act departs from the discovery procedures outlined in Rule 26. Under the PSLRA, discovery is permitted "only after the court has sustained the legal sufficiency of the complaint." *SG Cowen Sec.* 189 F.3d at 913 (citing S. Rep. No. 104–98 at 14 (1995). The PSLRA's automatic stay of discovery takes effect "during the pendency of any motion to dismiss." 15 U.S.C. § 78u–4(b)(3)(B); *see also* WRIGHT & MILLER, *supra* at § 2046.2 (stating that the stay may apply even if the defendant has not yet moved to dismiss) (citation omitted).

Although automatic, the PSLRA's discovery stay is not absolute. Under the Act, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u–4(b)(3)(B).

The party seeking discovery bears the burden of demonstrating that the discovery sought is particularized and that the stay will cause undue prejudice or risk the destruction of evidence. WRIGHT & MILLER, *supra* at § 2046.2. A discovery request is "particularized" if it seeks a "clearly defined universe of documents" and other information. *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002). Under the PSLRA, "undue prejudice" means "improper or unfair detriment," which is less than "irreparable harm." *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996).

## DISCUSSION

On March 27, 2015, Defendant Azouri moved to dismiss Plaintiffs' action. (Doc. #9). Under the PSLRA this triggered an automatic discovery stay. *See* 15 U.S.C. § 78u–4(b)(3)(B). On May 6, 2015, Defendant Azouri moved to enforce the automatic stay. (Doc. #15). Plaintiff does not assert that discovery should proceed; rather he filed a limited opposition, which "reserve[s] the right to seek a lift of the stay should circumstances change." (Doc. #20 at 2:26–27).

Because the PSLRA mandates a stay under these circumstances, and the parties do not dispute that a stay should be entered, the court grants Defendants motion. This does not prejudice Plaintiff's right to move to lift the stay.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' Motion to Stay Discovery (#15) is GRANTED. All discovery is STAYED pending resolution of Defendants' motions to dismiss. If Defendants' motions to dismiss are denied, discovery automatically recommences on the date Defendants' motions to dismiss are denied.

/// /// ///

/// /// ///

/// /// ///

1   IT IS SO ORDERED.

2   DATED this 2nd day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4