# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GOLDEN PALM INVESTMENTS
LIMITED PARTNERSHIP, a Nevada
limited partnership; and MARVIN
LIPSCHULTZ, an individual;

    Plaintiffs,

vs.

DANIEL AZOURI, an individual;
JOSEPH SINGER, an individual; and
JOSEPH SINGER ENTERTAINMENT
GROUP, LLC, a California limited liability
company;

    Defendants.

Case No. 2:15-CV-00336-KJD-VCF

**ORDER**

Before the Court is Defendant Daniel Azouri's Motion to Dismiss (#9). Plaintiffs Golden Palm Investments Limited Partnership and Marvin Lipschultz filed a response (#13) to which Defendant replied (#14).

I. Background

Defendant Daniel Azouri ("Azouri") met Plaintiff Marvin Lipschultz ("Lipschultz") at the Cannes Film Festival in 2007. From 2007 through 2011, they developed a friendship based on shared interests of business and films. In 2010, Azouri suggested Lipschultz invest with Azouri's colleague Joseph Singer ("Singer"), a self-proclaimed "A-producer" in the movie industry. Singer

had an upcoming deal "whereby Singer would raise funds for future movie projects by catering to wealthy investors from the United Kingdom; the investments would be structured in such a way as to provide income tax deductions to those who invested." Complaint ¶ 15. Azouri presented Singer to Lipschultz as a partner of his, and presented the venture as something both he and Singer were collectively working on.

On February 26, 2011, Lipschultz executed an Investment Agreement ("Agreement") on behalf of Golden Palm Investments, with Singer, on behalf of Joseph Singer Entertainment Group, LLC. Lipschultz provided $170,000 as an initial investment in Singer's venture, anticipating a return of $1,150,000. In July and August of 2011, Lipschultz provided an additional $50,000 at Singer's request, bringing his investment total to $220,000. In the Fall of 2013, Azouri allegedly disclosed he was to receive a commission equal to Lipschultz's anticipated return, contingent upon the project's success. Lipschultz claims neither Azouri nor Singer disclosed Azouri's prospective finder's fee at the time they solicited his investment.

On February 25, 2015, Plaintiffs Lipschultz and Golden Palm Investments Limited Partnership ("Plaintiffs") filed a Complaint (#1) against Defendants Singer, Singer Entertainment Group LLC, and Azouri ("Defendants"), alleging (1) violation of Section 10b-5 of the Exchange Act; (2) violation of the Nevada Uniform Securities Act NRS §§ 90.570 and 90.670; (3) violation of Nevada Uniform Securities Act NRS §§ 90.310 and 90.460; (4) Conversion; and (5) Recission. Azouri filed the present Motion to Dismiss (#9) on March 27, 2015.

II.  Analysis

A.  Legal Standard

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Under Iqbal, the Court engages in two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949-51. Second, the Court considers these allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

Additionally, Federal Rule of Civil Procedure (Rule) 9(b) and the Private Securities Litigation Reform Act (PSLRA) impose a heightened pleading standard on Section 10b claims. See Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 341-42 (2005). Rule 9(b) and the PSLRA collectively require the plaintiff to identify: "(1) each statement alleged to have been misleading; (2) the reasons why the statement is misleading; and (3) all facts on which that belief is formed." Desaigoudar v. Meyercord, 223 F.3d 1020, 1022 (9th Cir. 2000) (citation omitted). "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). For the reasons stated *infra*, Plaintiffs have failed to meet the heightened pleading requirements of this securities fraud claim for relief.

B. 10b-5 Claim

To establish a claim under Section 10b-5, Plaintiffs must plead particularized facts which establish: (1) a material misrepresentation or omission; (2) fraudulent intent; (3) a connection with the sale or purchase of a security; (4) reliance; (5) loss causation; and (6) economic loss. See Dura Pharms., Inc., 544 U.S. at 341-42.

### i. Material Misrepresentation or Omission

Under Rule 10b-5, it is unlawful to "omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 CFR 240.10b-5. Simply put, an omission is unlawful only when its non-disclosure makes another statement misleading. See Regents of Univ. of Calif. v. Credit Suisse First Boston, Inc., 482 F.3d 372, 384 (9th Cir. 2007).

Plaintiffs allege Azouri knew or was reckless in failing to know his statements contained numerous material misstatements, such as the true nature of the "risks of the business," and the omission of Azouri's pending finder's fee based on Plaintiffs' investment. However, these conclusory allegations fail to point out with any specificity how such misrepresentations or omissions rendered any other affirmative statement misleading. See Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1164 (9th Cir. 2009). Specifically, Plaintiffs offer no facts as to why knowledge of an agreement between Azouri and Singer would have altered Plaintiffs' decision to invest.

Further, facts alleged just as easily negate Plaintiffs' assertion that Azouri misrepresented his interests. Plaintiffs' complaint quotes an email from Azouri to Lipschultz, in which Azouri stated both that Singer was a partner of his, and that he wished to discuss with Lipschultz a project "*we* are working on," we being in reference to Azouri and Singer. Complaint ¶ 15 (emphasis added). At most, Plaintiffs provide facts that Azouri made a non-actionable incomplete representation of the extent of his involvement in the project.[1] Thus, Plaintiffs have failed to plead with particularity facts that support a material misrepresentation or omission.

### ii. Fraudulent Intent

Under the PSLRA, allegations must raise a strong inference of deliberately fraudulent or reckless conduct that is at least as compelling as the inference that the defendant did not act

---

[1] Azouri had no duty to clarify the extent of his involvement, as Rule 10b-5 prohibits "only misleading and untrue statements, not statements that are incomplete." Brody v. Transitional Hospitals, 280 F.3d 997, 1006 (9th Cir. 2002).

fraudulently. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007). This strong inference need not be irrefutable, but must be compelling even in light of opposing explanations. See Id. at 324.

Plaintiffs allege Azouri's failure to disclose his pending finder's fee was intentional, malicious, and willful behavior. However, Plaintiffs' own allegations support Azouri's opposing explanation, as Azouri was forthcoming about his partnership with Singer, and identified the venture as a collective project of which he and Singer were both apart. Complaint ¶ 14. In light of these revelations, it is not plausible to assume Azouri was deliberately fraudulent or reckless in his non-disclosure. Based on the facts alleged, the more reasonable inference is simply that Azouri failed to fully disclose the extent of his involvement. Thus, Plaintiffs failed to plead with particularity sufficient facts to support an inference of fraudulent intent.

### iii. Reliance

In a 10b-5 claim, "[T]he plaintiff must show individual reliance on a material misstatement." In re Apple Computer Sec. Litigation, 886 F.2d 1109, 1113 (9th Cir. 1989). "Absent an actionable misstatement, reliance does not come into play." See Police Ret. Sys. v. Intuitive Surgical, Inc., 759 F.3d 1051, 1060 (9th Cir. Cal. 2014).(citation omitted). Azouri argues Plaintiffs' reliance to be unreasonable or reckless, as Plaintiffs were experienced investors who should have known better than to rely on generalized statements. However, regardless of reasonableness, Plaintiffs' failure to provide evidence of a misrepresentation or omission on which Plaintiffs relied renders the reliance inquiry irrelevant.

### iv. Loss Causation

To prove loss causation, "plaintiffs 'must establish a causal connection between the alleged predicate acts of securities fraud and the losses they seek to recover.'" McGonigle v. Combs, 968 F.2d 810, 821 (9th Cir. 1992) (quoting Securities Investor Protection Corp. v. Vigman, 908 F.2d 1461, 1468 (9th Cir.1990)). Here, Plaintiffs broadly allege had they known of Azouri's pending commission, they would not have invested in Singer's project. However, Plaintiffs fail to state why

knowledge of Azouri's commission would have altered their investment. What Azouri stood to gain had no effect on the execution nor future course of the Agreement. Further, Plaintiffs fail to allege facts that evidence Azouri's potential finder's fee led to the loss of their initial $220,000 investment. Plaintiffs' loss and Azouri's potential gain were distinct, as Plaintiffs' investment was not used nor scheduled to be used to fund Azouri's commission. Thus, Plaintiffs failed to plead with particularity a connection between the loss of their investment and Azouri's undisclosed finder's fee.

Ultimately, Plaintiffs' blanket assertions of misrepresentation, omission, fraudulent intent, reliance, and loss causation do not satisfy the high degree of meticulousness required under Rule 9(b) and the PSLRA. Accordingly, Defendant's motion to dismiss Plaintiffs' 10b-5 claim against Azouri is granted.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Azouri's Motion to Dismiss (#9) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs are granted leave to file an amended complaint curing these defects. Any amended complaint shall be filed within 10 days of the entry of this order.

DATED this 10th day of June 2015.

_____
Kent J. Dawson
United States District Judge